IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>Salpare Bay, LLC<br><br>　　　　　　　　　Debtor. | Case No. 10-35333-tmb11<br><br>NOTICE OF INTENT TO SETTLE AND COMPROMISE |

　　　　　　<u>Background</u>:　Salpare Bay, LLC (the "Debtor") and Harbor Investors, LLC ("Harbor") are the owners of real property on Hayden Island, Portland, Oregon (the "Property") that was to be developed into a luxury river front planned community of 204 high end residential water view condominium units commonly known as Salpare Bay (the "Project").  The Debtor and Harbor own the Project with an undivided 85% and 15% interest respectively, pursuant to a tenancy in common agreement.  The Debtor began construction in approximately 2005 on the related marina and other horizontal improvements.  The Project presently includes 24.5 acres of land, a marina, 200 feet of beach on the Columbia River, 14 acres of water, 204 slips to accommodate large crafts and amenities and facilities.  BankFirst, Inc., ("BankFirst") was the lead lender of 41 participating lenders who promised $63 Million in construction financing for the Project.  However, BankFirst was dilatory in funding the loan and was ultimately taken over by the Federal Deposit Insurance Corporation (the "FDIC").  As a result of BankFirst's failure to fund construction loans, all construction of the Project ceased.  The contractor, JE Dunn Northwest Inc. ("Dunn") and other subcontractors (the "Construction Creditors") performed a substantial amount of work for which the Debtor could not pay them because of BankFirst's failure to fund the loan; thus, the Construction Creditors filed construction liens against the Property.  Ultimately, the City of Portland and the Construction Creditors (the "Judgment Creditors") obtained a limited judgment against the Debtor.  The Debtor asserted claims against BankFirst, which were resolved in a settlement agreement shortly before the bankruptcy filing pursuant to which the FDIC (for BankFirst and the loan participants) agreed not to seek payment on the loan from the Debtor or Harbor.  The only secured claims against the Property are those held by the Judgment Creditors and real property tax lien authorities all totaling approximately $7.5 million.  Through a mediation held on various dates with the Honorable Michael R. Hogan ("Judge Hogan") between the Debtor, Dunn, the Construction Creditors, Harbor and the City of Portland, the parties reached a settlement regarding their disputes, the claims between them related to the Project and the pending bankruptcy proceeding (the "Settlement Agreement").  Pursuant to the Settlement Agreement, the settlement parties consent to confirmation of the First Amended Plan filed April 8, 2011 on the terms set forth therein.  A copy of the Settlement Agreement is available by contacting Debtor's counsel, Tara J. Schleicher, at Farleigh Wada Witt, 121 SW Morrison St., Suite 600, Portland, Oregon 97204, TSchleicher@fwwlaw.com, (503) 228-6044.

Terms of Settlement: The general terms of the Settlement Agreement include the Judgment Creditors receiving payments equal to 88.26% of their judgment amounts, inclusive of principal, fees, costs and interest as of March 31, 2011 (the "Discounted Judgment Amount") in three (3) installments of 40%, 40% and 20% respectively on or before the following dates: June 30, 2012; October 31, 2012, and June 30, 2013. Interest shall accrue on the Discounted Judgment Amount at the rate of 3.25% interest per annum from the effective date of the Plan. As part of the Settlement Agreement, the principals of Harbor shall convey their membership interests in Harbor to the Debtor and, as inducement for the Debtor to accept that assignment, the principals of Harbor shall pay $40,000 to the Debtor. The Debtor will commence development of the Property by first obtaining a priming loan with a maximum amount of $500,000 (with leave to seek an additional $250,000) the "Priming Loan" to prepare the Property for the development of a multi-family residential project in two phases around the marina, and second, through an FHA loan to commence construction of phase 1.

The Judgment Creditors will release their liens to the applicable portion of the Property upon receipt of the payments set forth above, such that on receipt of the phase 1 payment, the Construction Creditors will release their liens against the Phase 1 portion of the Property, reserving a reciprocal right of access to the marina and Phase 2 through Phase 1, on receipt of the marina refinance payment, release of liens against the marina, and on receipt of the Phase 2 payment release of all liens as to the remainder of the Property. The Judgment Creditors will not object to the Debtor seeking approval from the court for the Priming Loan referenced above. The Debtor will provide notice of any work to be performed or contract to be entered and the Judgment Creditors will have a right to object within seven (7) business days with all objections to be resolved by Judge Hogan. On completion of the work, each payment requested by Debtor from the Priming Loan will be subject to review and approval for that expense by Judge Hogan. The Priming Loan proceeds may be used for professional fees, including but not limited to, the fees associated with the partition of the Property, application and other permitting costs payable to local governments related to the Property, the costs of paving the parking lot, and loan costs and fees associated with obtaining the financing necessary to make the payments to the Construction Creditors. The Judgment Creditors will be provided a priority lien on the DIP account into which the proceeds from the marina operations flow and a super priority under Section 507(b) as a replacement lien. The Priming Loan lender will be provided a priority lien on the DIP account into which the priming loan proceeds flow and a super priority under Section 507(b) as a replacement lien. The Debtor agrees that $250,000 of the Priming Loan will be repaid on or before June 30, 2012. The Debtor shall deliver a Statutory Bargain and Sale Deed to the Property (free and clear of all liens except those permitted under the Plan and the Settlement Agreement), conveying the Property to Dunn, to Judge Hogan to be held in trust for the benefit of the Judgment Creditors. The Debtor has filed with the Bankruptcy Court an Amended Disclosure Statement and Plan consistent with the terms of this Agreement and the Settlement Parties shall consent to confirmation of such Plan

**YOU ARE NOTIFIED** that unless within 21 days of the service date of this notice you file a written objection to it, and set forth the specific grounds for such objection and your relation to the case, with the Clerk of the Court at 1001 SW Fifth Avenue, Suite 700, Portland, Oregon 97204 and serve a copy on Salpare's attorney, Tara J. Schleicher, Farleigh Witt, 121 SW Morrison Street, Suite 600, Portland, Oregon 97204, telephone (503) 228-6044,

the undersigned will proceed to apply for a court order authorizing the settlement outlined herein without further notice or a hearing.

    DATED this 5th day of May, 2011.

            FARLEIGH WITT

            By:/s/ Tara J. Schleicher_____
            Tara J. Schleicher, OSB #95402
            Of Attorneys for Salpare Bay, LLC
            TSchleicher@farleighwitt.com

    On April 5th, 2011, I served copies of the above notice on Salpare Bay, LLC, the U.S. Trustee, counsel for the States, and all interested parties on the mailing matrix obtained from PACER on April 5th 2011.

            /s/ Tara J. Schleicher_____
            Tara J. Schleicher, OSB #95402