Christine A. Kosydar, OSB No. 814035
STOEL RIVES LLP
900 SW Fifth Avenue, Suite 2600
Portland, OR 97204
Telephone: (503) 224-3380
Facsimile: (503) 220-2480

    Attorneys for Creditor Stoel Rives LLP

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>SALPARE BAY, LLC,<br><br>             Debtor. | Case No. 10-35333-tmb11<br><br>STOEL RIVES LLP'S OBJECTION TO DEBTOR'S MOTION TO OBTAIN CREDIT |

Stoel Rives LLP ("Stoel Rives")[1], an unsecured creditor in this case, objects to debtor's Motion to Obtain Credit for the reasons and on the grounds that such credit is at the expense of the unsecured creditors pursuant to and in furtherance of debtor's proposed Plan, which is unconfirmable on its face.

**1.    Debtor's Plan and Disclosure Statement.**

    **A.    Basic Plan Terms and Treatment of Unsecured Creditors**. Under the Plan, debtor will obtain FHA financing to pay the secured construction lien claimants and to develop a portion of its property into apartments in two phases. Debtor does not propose to sell or

---

[1] Stoel Rives' attorney, Christine Kosydar, who is most familiar with the issues presented by these objections, has an irreconcilable scheduling conflict for the hearing on June 24, 2011. Consequently Stoel Rives submits its objections in written form, although Kenneth Childs will attend the hearing on behalf of Stoel Rives.

Page 1 -   STOEL RIVES LLP'S OBJECTION TO DEBTOR'S MOTION TO OBTAIN CREDIT

refinance the property that is improved with a marina and partially improved with apartments, but rather intends to hold the property indefinitely for debtor's benefit. As for the unsecured creditor Stoel Rives, debtor's Plan calls for payment of 100 percent of its claim, but only to the extent, if any, debtor has annual net cash reserves in excess of $500,000 during years two through six of the Plan. There is no other provision for payment to Stoel Rives, if debtor claims its cash reserve is inadequate.[2] The remaining unsecured creditors fare even worse. They are projected to receive only 10 percent to 29 percent of their claims, and only after Stoel Rives has been paid, and only if there is net cash flow in excess of $500,000 during years two through six.[3] As with Stoel Rives' claim, debtor's Plan makes no provision for payment to the other unsecured creditors if debtor claims it is unable to meet the conditions in the Plan.

   B.  **No New Value**. Debtor's Plan does not provide for its equity holders to contribute any new value.

   C.  **Valuation**. Debtor's disclosure statement reflects a liquidation value that does not comport with the facts. Stoel Rives has good cause to believe that the actual value of the property is considerably more than the secured claims against it, indicating that there is substantial equity with which to pay the unsecured creditors, perhaps enough to pay them in full with interest. Debtor represents that it has obtained a financing commitment for nearly $20 million to construct multi-residential improvements on a portion of the property. Given current finance industry standards for loan-to-value ratios of 65 percent, and perhaps 80 percent for completed improvements and stabilized income, existing valuations of the property upon which the financing is based must be well in excess of $7 million, the amount of the construction liens on the property. Otherwise, debtor would not be able to obtain financing that comports with current industry standards.

---

  [2] Dkt. 242, Debtor's Third Amended Disclosure Statement, p. 6, ll. 1-4.

  [3] Dkt. 242, Debtor's Third Amended Disclosure Statement, p. 6., ll. 9-14.

Page 2 - STOEL RIVES LLP'S OBJECTION TO DEBTOR'S MOTION TO OBTAIN CREDIT

Further, debtor's own schedules reflect its belief that the property is worth more than the $7 million in construction liens against it. Debtor's Schedule A reflects a value of $12 million. In addition, Powell Valuation has provided an appraisal to debtor and testified that the value is $12 million. Unfortunately, despite repeated requests over the last couple of months for disclosure of debtor's valuations and financing, which undoubtedly exist, debtor has failed to comply with its discovery obligations.[4] In the meantime, all of this suggests that the current fair market value of the property is at least $12 million, and very likely considerably more.

**2.    Debtor's Motion to Obtain Credit.**

Debtor's Plan calls for financing to finish the parking lot at the property. However, instead of including the parking lot completion and related financing in its Plan, debtor has chosen to proceed with financing, but not necessarily construction, before the Plan's confirmation. Debtor asks this Court to approve $750,000 in financing that primes all liens and therefore diminishes the equity cushion available to the unsecured creditors before the Plan is even confirmed.

Moreover, debtor asks this Court to approve $750,000 at the expense of the unsecured creditors where debtor has not disclosed what portion of the financing is being used to construct improvements that benefit the property and what portion is being used to pay debtor's attorneys or other expenses. The Motion fails to disclose the exact disposition of the loan proceeds. Dkt. 243, p. 5, ll. 11-15.

**3.    Stoel Rives' Objections to Debtor's Motion.**

Debtor's Plan is facially unconfirmable, because it violates the absolute priority rule. It is fundamental that where a plan proposes to pay the unsecured creditors less than 100 percent of their claims, equity holders may not retain their interest in the debtor without contributing new

---

[4] Stoel Rives will be filing a Rule 2004 motion to compel production of documents.

value. *See* 11 USC § 1129(b)(2)(B); *In re Ambanc La Mesa Ltd. P'ship*, 115 F3d 650, 654 (9th Cir 1997); *In re Bonner Mall P'ship*, 2 F3d 899, 906-07 (9th Cir 1993). Here, the Plan provides that the insiders will retain 100 percent of their interest in debtor and the property, while the prospects that the unsecured creditors will be receive 100 percent of their claims is slim to none given the Plan's conditions to payment.

This violation of the absolute priority rule points to another problem with debtor's Plan. The Plan likely violates the "Best Interests of the Creditors" test under 11 USC § 1129. In this case, the equity in the property is at least $5 million or more ($12 million value less $7 million in secured claims), while the total unsecured claims according to debtor are approximately $3 million.[5] Thus, in liquidation the proceeds are likely sufficient to pay the unsecured creditors, perhaps even with interest. The unsecured creditors in this case would fare far better in liquidation than under debtor's Plan, where they likely will receive zero or pennies on the dollar.

In essence, debtor's Plan provides that debtor's insiders will keep 100 percent of the equity in the property without contributing a dime, while the unsecured creditors are likely to end up empty-handed. What is particularly egregious about this situation is that it is the unsecured creditors, in particular Stoel Rives, that created the equity the insiders will enjoy. It was Stoel Rives' successful legal work and strategies that resulted in the complete discharge of debtor's $20 million construction loan and related guarantees. Further, it was Stoel Rives' strategy and uncompensated pre- and post-petition efforts that led to debtor's claims against the construction lien claimants, which in turn were settled to the considerable advantage of debtor, creating yet

/ / / / /

/ / / / /

/ / / / /

/ / / / /

---

[5] Dkt. 242, Third Amended Disclosure Statement, p. 17, l. 7.

Page 4   -   STOEL RIVES LLP'S OBJECTION TO DEBTOR'S MOTION TO OBTAIN CREDIT

70759315.3 0099999- 00001

even more equity for debtor in the property.[6]  And it was Stoel Rives that facilitated and assisted debtor in the filing of this bankruptcy case.  But for Stoel Rives, debtor would not be here with considerable equity reflecting on a balance sheet test that it is solvent.

Given these circumstances, not only is the Plan unconfirmable because it violates the absolute priority rule and the Best Interests of the Creditors test, it would be patently unfair to leave Stoel Rives empty-handed while putting the millions of dollars in benefits that Stoel Rives created for debtor in the pockets of debtor's insiders.

**4.     Conclusion.**

Debtor's Motion assumes that its Plan will be confirmed.  However, this Court should not grant debtor's Motion when (a) debtor has not disclosed the exact disposition of the proceeds of the financing it will obtain; and (b) such financing will be at the expense of the unsecured creditors under a Plan that is facially unconfirmable.

DATED:  June 20, 2011.

Respectfully submitted,

STOEL RIVES LLP


/s/ Christine A. Kosydar
Christine A. Kosydar, OSB No. 814035
Telephone:  (503) 224-3380
Facsimile:  (503) 220-2480
cakosydar@stoel.com
Attorneys for Creditor Stoel Rives LLP

---

[6] Although Stoel Rives attempted to resign from representing debtor in the pre-petition state court proceedings, debtor objected, and the state court compelled Stoel Rives to continue with debtor's representation.  Stoel Rives at its own considerable expense continued with debtor's representation, including providing assistance to debtor's bankruptcy professionals to obtain a timely filing of this case and in the prosecution of the claims against the construction lien holders.  Stoel Rives never shirked on its efforts, a considerable amount of which was never recorded as billable time, but rather it considered its work an investment in debtor's bankruptcy that would pay the unsecured creditors, including Stoel Rives, in full.

Page 5   -   STOEL RIVES LLP'S OBJECTION TO DEBTOR'S MOTION TO OBTAIN
                CREDIT

Christine A. Kosydar, OSB No. 814035
STOEL RIVES LLP
900 SW Fifth Avenue, Suite 2600
Portland, OR  97204
Telephone:  (503) 224-3380
Facsimile:  (503) 220-2480

    Attorneys for Creditor Stoel Rives LLP

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| In re | Case No. 10-35333-tmb11 |
|---|---|
| SALPARE BAY, LLC,<br><br>              Debtor. | DECLARATION OF CHRISTINE A. KOSYDAR IN SUPPORT OF STOEL RIVES LLP'S OBJECTION TO DEBTOR'S MOTION TO OBTAIN CREDIT |

    I, Christine A, Kosydar, declare as follows:

    1.    I am a partner with Stoel Rives, LLP ("Stoel Rives").  I was the lead attorney in representing Salpare Bay, LLC ("Salpare Bay") prior to the filing of this bankruptcy case.

    2.    Although Stoel Rives attempted to resign from representing debtor in the pre-petition state court proceedings, debtor objected and the state court compelled Stoel Rives to continue with debtor's representation.  Stoel Rives at its own considerable expense continued with debtor's representation, including providing assistance to debtor's bankruptcy professionals to obtain a timely filing of this case and in the prosecution of the claims against the construction lien holders.  Stoel Rives never shirked on its efforts, a considerable amount of which was never recorded as billable time, but rather it considered its work an investment in debtor's bankruptcy that would pay the unsecured creditors, including Stoel Rives, in full.

Page 1  -  DECLARATION OF CHRISTINE A. KOSYDAR IN SUPPORT OF STOEL
              RIVES LLP'S OBJECTION TO DEBTOR'S MOTION TO OBTAIN CREDIT

3. It was Stoel Rives' successful legal work and strategies that resulted in the complete discharge of debtor's $20 million construction loan and related guarantees. Further, it was Stoel Rives' strategy and uncompensated pre and post-petition efforts that led to debtor's claims against the construction lien claimants, which in turn were settled to the considerable advantage of debtor, creating yet even more equity for debtor in the property. And it was Stoel Rives who facilitated and assisted debtor in the filing of this bankruptcy case. But for Stoel Rives, debtor would not be here and would not have any equity reflecting on a balance sheet test that it is solvent.

Dated: June 20, 2011.

/s/ Christine A. Kosydar
Christine A. Kosydar, OSB No. 814035
cakosydar@stoel.com
Telephone: (503) 224-3380
Attorneys for Creditor Stoel Rives LLP

Page 2 - DECLARATION OF CHRISTINE A. KOSYDAR IN SUPPORT OF STOEL RIVES LLP'S OBJECTION TO DEBTOR'S MOTION TO OBTAIN CREDIT

70759342.1 0099999-00001