Tara J. Schleicher, OSB #954021
tschleicher@fwwlaw.com
Farleigh Wada Witt
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044

Attorneys for Debtor

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>Salpare Bay, LLC,<br><br>Debtor. | Case No. 10-35333-tmb11<br><br>DEBTOR'S REPLY TO STOEL RIVES' OBJECTION TO MOTION TO OBTAIN CREDIT |

Salpare Bay, LLC ("Debtor") hereby replies to Stoel Rives' Objection to Motion to Obtain Credit ("the "Objection"). Stoel Rives' Objection should be overruled for the following reasons: (1) Stoel Rives has waived the right to object to the proposed Debtor-in-Possession financing (the "DIP Loan"); (2) Stoel Rives has an unwaivable conflict that prohibits Ms. Kosydar from representing it with respect to the Objection or any objection to the confirmation of the Debtor's Third Amended Plan of Reorganization (the "Plan"); and (3) Stoel Rives' Objection is not an objection to the Debtor's Motion to Obtain Credit ("the Motion"), but an objection to plan confirmation, which can only be properly addressed at confirmation. For all of these reasons, the Court should overrule Stoel Rives' Objection.

1. **Stoel Rives Waived its Right to Object to the DIP Loan.**

On May 5, 2011, the Debtor filed with this Court a Notice of Intent to Settle and Compromise (Docket No. 229) (the "Notice of Intent"), which set forth the terms of the Settlement Agreement between the Judgment Creditors (as that term is defined in the Settlement

Page 1 of 7 -    DEBTOR'S REPLY TO STOEL RIVES' OBJECTION TO MOTION TO OBTAIN CREDIT
P:\DOCS\SALPAR\28606\PLDG\33N4685.DOC

*FARLEIGH WADA WITT*
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741

Agreement) and the Debtor. On the same day, the Debtor served the Notice of Intent on all interested parties on the mailing matrix, including Stoel Rives.

The Notice of Intent clearly disclosed that the DIP Loan is a material element of the Debtor's settlement agreement to be approved by the court. The Notice of Intent stated (1) the amount of the DIP Loan that would be sought, (2) that a priming lien would be sought to secure the DIP Loan, (3) the timing of the Debtor obtaining the DIP Loan (prior to confirmation), (4) the purposes for which the DIP Loan proceeds would be used, and (5) all of the salient terms of the DIP Loan relevant to the Objection that Stoel Rives now attempts to make.

The objection period for the Notice of Intent expired on May 26, 2011. No objections were filed. Most relevant to the matter before this Court, Stoel Rives filed no objection to the Notice of Intent. This Court approved the Settlement Agreement and authorized the Debtor and Judgment Creditors to carry out the terms of the Settlement Agreement by order entered June 13, 2011 (Docket No. 237). As set forth above, the Notice of Intent clearly and undeniably set forth the fact that the DIP Loan was an integral part of the Settlement Agreement for which the Debtor sought approval to enter with the Judgment Creditors. Any objection that Stoel Rives had to the Debtor seeking the DIP Loan secured by a priming lien should have been raised prior to May 26, 2011. Stoel Rives made no such objection. Therefore, it has waived the right to object to the DIP Loan, which is the lynchpin of the Settlement Agreement. This Court should deny its Objection to the Motion on that basis alone.

2. **Stoel Rives' unwaivable conflict of interest prohibits it from litigating the Objection with current counsel.**

Pursuant to Oregon Rule of Profession Conduct 1.9 (a) (Duties to Former Clients) "[a] lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless each affected client gives informed consent, confirmed in writing." A matter-specific conflict under Rule 1.9(a) merely involves the

Page 2 of 7 -   DEBTOR'S REPLY TO STOEL RIVES' OBJECTION TO MOTION TO OBTAIN CREDIT
P:\DOCS\SALPAR\28606\PLDG\33N4685.DOC

*FARLEIGH WADA WITT*
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741

1  same transaction or legal dispute with the main concern being disloyalty to the former client. *In*
2  *re Conduct of Hostetter*, 348 Ore. 574, 591 (Or. 2010) (citing ABA/BNA Lawyers' Manual on
3  Professional Conduct § 51:226).  Generally "current representation adverse to a former client is
4  substantially related to the earlier representation if it involves the lawyer's own work for the
5  former client -- especially an attack on that work." *Id*.; see also Restatement of Law Governing
6  Lawyers § 132(1) (2000) (a current matter is substantially related to an earlier matter if "the
7  current matter involves the work the lawyer performed for the former client").  See also DR 5-
8  105(C) (Except as permitted by DR 5-105(D), a lawyer who has represented a client in a matter
9  shall not subsequently represent another client in the same or a significantly related matter when
10 the interests of the current and former clients are in actual or likely conflict).

11          In its Objection, Stoel Rives acknowledges that it represented the Debtor pre-
12 petition and post-petition by "providing assistance to debtor's bankruptcy professionals to obtain
13 a timely filing of this case and in the prosecution of the claims against the construction lien
14 holders".  Declaration Of Christine A. Kosydar In Support Of Stoel Rives LLP'S Objection To
15 Debtor's Motion To Obtain Credit (Docket No. 247).  Stoel Rives considered this work "an
16 investment in [the] Debtor's bankruptcy".  *Id*.  Moreover Stoel Rives touts its pre and post
17 petition legal work on behalf of the Debtor which resulted in "considerable" advantages for the
18 Debtor.  Indeed, Stoel Rives takes the position that, but for Stoel Rives, the "Debtor would not
19 be here."  Despite its diligent legal efforts both pre and post petition to protect and advance the
20 interests of the Debtor, Stoel Rives now takes a materially adverse position to the Debtor on the
21 exact same matter and issues in which Stoel Rives provided recent legal representation.

22          The Debtor does not dispute Stoel Rives' right to protect its unsecured claim for
23 accrued prepetition attorney fees.  The Debtor does not contend, for example, that Stoel Rives
24 could not seek a higher payment percentage on its unsecured claim like any other unsecured
25 creditor.  However, Stoel Rives is not merely seeking alternate plan treatment which would
26 ensure a greater dividend on its claim.  Rather, notwithstanding its prior "successful legal work

Page 3 of 7 -    DEBTOR'S REPLY TO STOEL RIVES' OBJECTION TO MOTION TO OBTAIN CREDIT
                 P:\DOCS\SALPAR\28606\PLDG\33N4685.DOC

*FARLEIGH WADA WITT*
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741

1  and strategies" for the benefit of the Debtor's reorganization, Stoel Rives now seeks a complete
2  liquidation of the Debtor, which according to financial projections would result in zero payment
3  to unsecured creditors, including Stoel Rives.  Stoel Rives attempts to circumvent this fact by
4  alleging, despite prior court rulings, liquidation value in property sufficient to pay unsecured
5  interests.  This position is incorrect and wholly unsupported by the facts.  Stoel Rives' Objection
6  and desire to force a liquidation of the Debtor is no more than an attempt to strong arm the
7  Debtor into a guarantee of a 100% payment for unsecured pre petition attorney fees to the
8  detriment of the Debtor.  Stoel Rives apparently would prefer to receive zero cents on the dollar
9  through liquidation than a potential reduced payment on its claim.  If Stoel Rives could
10 successfully object to confirmation and force a conversion of the Debtor, it will have effectively
11 ruined the Debtor and its reorganization, which Stoel Rives previously stated to be on a
12 successful course due to its legal efforts.  Stoel Rives attacks its own work in assisting pre and
13 post confirmation with the reorganization of its former client.  The position now taken by Stoel
14 Rives in this bankruptcy is in direct conflict with the positions previously taken until this point in
15 time.  This is confirmed by Stoel Rives' failure to object to the Notice of Intent as discussed
16 above.
17         Stoel Rives is barred by the Oregon Rules of Professional Conduct from
18 representing itself in seeking a liquidation of the Debtor.  The posture of Stoel Rives goes
19 beyond the acts of a typical unsecured creditor diligently enforcing its claim in a bankruptcy.  No
20 position could be more materially adverse to a former client than the position now taken by this
21 creditor in attacking the ability of its former client to reorganize.  The Debtor has not waived this
22 conflict but rather it directly raised the issue of this conflict with Stoel Rives.  Based on this lack
23 of consent, Stoel Rives must be barred from representing itself in litigating this issue.
24 / / /
25 / / /
26 / / /

Page 4 of 7 -    DEBTOR'S REPLY TO STOEL RIVES' OBJECTION TO MOTION TO OBTAIN CREDIT
P:\DOCS\SALPAR\28606\PLDG\33N4685.DOC

*FARLEIGH WADA WITT*
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741

3. **Stoel Rives' arguments are confirmation issues, not properly before the Court at this juncture.**

Stoel Rives' arguments in its Objection are really confirmation issues, not issues to be addressed in conjunction with the Debtor's Motion for approval of the DIP Loan. Stoel Rives' contentions regarding the treatment of unsecured claims, including its own, have nothing to do with the Motion and are inaccurate. In fact, some of Stoel Rives' assertions contradict the proposed Plan provisions. For example, Stoel Rives' contends that the Debtor does not propose to refinance the Marina. The Plan provides at Page 20, ll.10 that the Debtor will refinance the Marina and use those proceeds to pay creditors' claims and develop the Property so that it can generate the Net Income needed to pay unsecured claims.

Additionally, Stoel Rives asserts that the Debtor makes no provision for unsecured creditors if the Plan projections are inaccurate. That is incorrect. Under the proposed Plan, the Debtor must pay at least 10% of the Unsecured Creditors' Allowed Claims *even if* its projections regarding Net Income are inaccurate. (Page 15, ll. 24 of the Plan).

Lastly, the Objection fails to recognize that all unsecured creditors could receive 100% payment of their Allowed Claims if the Debtor's Net Income exceeds the projections. In other words, the Debtor does not limit the payment to Unsecured Creditors with a ceiling percentage.

Contrary to the contention in the Objection, Mr. DeFrees is providing new value for the retention of his membership interests in the Debtor. Mr. DeFrees is subordinating his $10.9 million claim to all unsecured creditors' claims. Mr. DeFrees' subordination is a real contribution that is "necessary to the successful implementation of a feasible plan." *In re Elmwood, Inc.,* 182 B.R. 845, 852-853 (D. Nev. 1995) (citations omitted)(defining "new value" as a "substantial contribution" and defining "substantiality" as a contribution that is "real and necessary to the successful implementation" of the plan). *In re Elmwood* is a single asset real estate case. In that case, the court concluded that a contribution worth "less than 4% of the

Page 5 of 7 -   DEBTOR'S REPLY TO STOEL RIVES' OBJECTION TO MOTION TO OBTAIN CREDIT
P:\DOCS\SALPAR\28606\PLDG\33N4685.DOC

*FARLEIGH WADA WITT*
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741

1 unsecured debt discharged in the plan" was substantial and constituted "new value" because it
2 facilitated continued development of the debtor's property. *Id.* In this case, Mr. DeFrees'
3 subordination facilitates a plan that provides at least a 10% payment of unsecured claims. The
4 plan would simply not be possible without Mr. DeFrees' subordination. Like *Elmwood*, Mr.
5 DeFrees' subordination provides substantial new value and facilitates continued development of
6 the property.

7 The Objection criticizes the liquidation analysis the Debtor attached to the
8 Disclosure Statement, arguing that the Property has a value of $12 million. However, what Stoel
9 Rives ignores is this Court's determination on the value of the Property after the relief from stay
10 hearing at a little over $9 million (Docket No. 86). Stoel Rives also ignores the costs of sale and
11 the discount on value that a liquidation of the Property would dictate. As set forth in the
12 Debtor's liquidation analysis, the ultimate payout to unsecured creditors would be zero under a
13 chapter 7 scenario. The Debtor's proposed plan is definitely in all of the creditors' best interests.

14 With all of that having been said, all of these issues raised by Stoel Rives are
15 properly addressed at confirmation, not at the hearing on the Motion for approval of the DIP
16 Loan.

17 **CONCLUSION**

18 This Court should overrule Stoel Rives' Objection to the Motion because it
19 waived its right to object to the DIP Loan, a central component of the Settlement Agreement by
20 failing to file an objection to the Notice of Intent. Its arguments in the Objection should be heard
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /

Page 6 of 7 -    DEBTOR'S REPLY TO STOEL RIVES' OBJECTION TO MOTION TO OBTAIN CREDIT
P:\DOCS\SALPAR\28606\PLDG\33N4685.DOC

*FARLEIGH WADA WITT*
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741


at confirmation, not at this juncture. For all of the foregoing reasons, this Court should overrule Stoel Rives' Objection.

Dated: June 23, 2011.

FARLEIGH WADA WITT

By: /s/ Tara J. Schleicher
Tara J. Schleicher, OSB #954021
tschleicher@fwwlaw.com
(503) 228-6044
Of Attorneys for Debtor

Page 7 of 7 -    DEBTOR'S REPLY TO STOEL RIVES' OBJECTION TO MOTION TO OBTAIN CREDIT
P:\DOCS\SALPAR\28606\PLDG\33N4685.DOC

*FARLEIGH WADA WITT*
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741

**CERTIFICATE OF SERVICE**

I hereby certify that on June 23, 2011, I served a copy of **DEBTOR'S REPLY TO STOEL RIVES' OBJECTION TO MOTION TO OBTAIN CREDIT** on the parties listed below as "Non-ECF Participants" by mailing a copy thereof in a sealed, first-class postage prepaid envelope, addressed to each party's last-known address and depositing in the U.S. mail at Portland Oregon.

**NON-ECF PARTICIPANTS**

| | |
|---|---|
| Salpare Bay, LLC<br>2501 NE 134th Street #300<br>Vancouver, WA  98686 | Campbell Crane<br>8001 NE 14th Pl.<br>Portland, OR 97211 |
| Acme Construction Supply<br>330 SE Salmon St.<br>Portland, OR 97214 | Portland General Electric<br>PO Box 4404<br>Portland, OR  97208 |
| URS Corporation<br>PO Box 121028<br>Dept. 1028<br>Dallas, TX 75312 | Fusion Partners<br>1801 N. Lamar St.<br>Dallas, TX 75202 |
| Team Builder JLS<br>14205 SE 36th St.<br>Ste. 200<br>Bellevue, WA 98006 | Jordan Schrader Attorneys<br>PO Box 230669<br>Portland, OR 97281 |
| Portland Monthly<br>234 SW Broadway<br>Portland, OR 97205 | Landerholm Memovich Lansverk<br>PO Box 1086<br>Vancouver, WA 98666-1086 |
| Professional Serv. Industries<br>6032 N. Cutter Circle #480<br>Portland, OR 97217 | Bee Consulting<br>1638 NW Riverscape St.<br>Portland, OR 97209-1834 |
| City of Portland<br>City Attorney's Office<br>Attn: Linda Law<br>1221 SW 4th Ave., Rm. 430<br>Portland, OR 97204 | Paradigm Communications<br>PO Box 65229<br>Seattle, WA 98155 |
| Intelligent Community Services<br>3303 SW Bond Ave.<br>Portland, OR 97239-4501 | Interspace Airport Advertising<br>4635 Crackersport Rd.<br>Allentown, PA 18104 |

**Page 1 of 2 –** CERTIFICATE OF SERVICE
P:\DOCS\SALPAR\28606\PLDG\33N5292.DOC

*FARLEIGH WADA WITT*
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741

| | | |
|---|---|---|
| 1 | Fountain Technologies<br>5673 SW Cheltenham Dr. | Ford Graphics<br>1431 NW 17th Ave. |
| 2 | Portland, OR 97239 | Portland, OR 97209 |
| 3 | W&H Pacific<br>9755 SW Barnes Rd. #300 | KPFF Consulting<br>111 SW Fifth Ave., Suite 2500 |
| 4 | Portland, OR 97225 | Portland, OR 97204 |

Dated: June 23, 2011.

FARLEIGH WADA WITT

By: /s/ Tara J. Schleicher
    Tara J. Schleicher, OSB #954021
    tschleicher@fwwlaw.com
    Of Attorneys for Debtor

**Page 2 of 2** – CERTIFICATE OF SERVICE
P:\DOCS\SALPAR\28606\PLDG\33N5292.DOC

*FARLEIGH WADA WITT*
Attorneys at Law
121 SW Morrison Street, Suite 600
Portland, Oregon 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741